Rufpin, C. J.
 

 The case of
 
 Williamson
 
 v.
 
 Canady, 3
 
 Ire. 343, is in point for the plaintiff, on the payment of costs in this Court. Besides the reason there given, it is substantially doing only what the Court would be bound to do on the motion .of the defendant. For, if damages be improperly assessed, as, for example, in a
 
 *45
 
 popular action, the judgment may be rightly reversed for the penalty, without the damages ; and, if rendered for both debt and damages, upon error brought, the judg* ment is not reversed
 
 in ioto
 
 and judgment arrested, for the incongruity between the declaration and the verdict; but it is reversed as to the damages only, with costs in the Court of error, and affirmed for the debt and the costs in the Court below.
 
 Frederick
 
 v. Lookup, Bur. Rep. 2018. The reason is, that the higher Court is to give such judgment as, upon the whole record, ought to have been given in order to terminate the litigation according to the right apparent between the parties. That is the jurisdiction of this Court under the Statute ; and therefore the judgment of the Superior Court must be reversed as to the sum of $1 50, assessed damages above the sum demanded in the warrant, with costs in this Court, and affirmed for the sum of
 
 $12,
 
 thus demanded, and all the other costs.
 

 Pee Curiam. Judgment accordingly.